UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL L. KNIGHT                                                                    PETITIONER

VERSUS                                                    CIVIL ACTION NO. 1:17CV59-LG-RHW

JACQUELINE BANKS                                                                  RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the undersigned is Michael L. Knight's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. Following a jury trial in the Circuit Court of Harrison County, Knight was convicted on two counts of possession of a controlled substance (Oxycodone and Methadone) with intent to distribute. Doc. [12-3] at 125, 129; Doc. [12-4] at 21-22. The trial judge sentenced Knight under Mississippi's habitual offender statute, Miss. Code Ann. § 99-19-83, to life without possibility of parole. Doc. [12-4] at 21-23. In the instant § 2254 petition, Knight argues that (1) he was denied effective assistance of counsel; (2) the evidence was insufficient to sustain a conviction; and (3) his sentence was illegal and disproportionate to the crime of conviction. On June 20, 2019, more than two years after filing the initial petition, Knight filed a motion to amend, which is also before the undersigned for consideration. Doc. [22].

**Standard of Review**

With the exception of Knight's claim that appellate counsel was ineffective because she referred to him as "Rodgers" in the appellate brief, each of the claims raised in Knight's § 2254 petition was considered and rejected by the Mississippi Supreme Court. *See Knight v. State of Mississippi*, 188 So.3d 1235 (Miss.Ct.App. 2015), *reh'g denied*, Feb. 9, 2016, *cert. denied*, Apr.

21, 2016; Doc. [11-5] [11-6] [11-7] [11-8]. Accordingly, the Court must consider those claims in light of 28 U.S.C. § 2254 (d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Subsection (d)(2) applies to a state court's factual determinations, and subsection (d)(1) governs review of questions of law and mixed questions of law and fact. *See Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 2000). As to questions of law, a federal court must defer to the state court's decision on the merits of such claim unless that decision was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court. A state court decision is contrary to federal law when the state court reaches a conclusion opposite to that of the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts. *Murphy v. Dretke*, 416 F.3d 427, 432 (5th Cir. 2005). A state court decision involves an unreasonable application of federal law when the state court properly identifies the applicable federal principle but unreasonably applies the principle to the facts of the petitioner's case. *Id.* As to questions of fact, federal habeas courts presume that state court factual findings are correct unless the findings are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See Knox v. Johnson*,

224 F.3d 470, 476 (5th Cir. 2000). Section 2254(d)(1) imposes a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A federal habeas court presumes that the state court's findings of fact are correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Murphy*, 416 F.3d at 432.

### **(1) Ineffective Assistance of Counsel**

Knight raises several claims of ineffective assistance of counsel. Federal courts examine ineffective assistance of counsel claims pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy *Strickland*, petitioner must demonstrate not only that counsel was objectively deficient and not functioning as the counsel guaranteed the defendant by the Sixth Amendment, but also that this deficient performance prejudiced the defense. *Id.* In order to show that counsel's performance was deficient, petitioner "must identify the acts and omissions of counsel that are alleged not to have been the result of reasonable judgement." *Id.* at 690. For the second prong, in order to show that his defense was prejudiced, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Id*. at 694. Furthermore, "a court need not address both prongs [of an ineffective assistance of counsel claim,] ... but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir.1995).

#### **Failure to file "demur to indictment"**

Knight argues that trial counsel failed to file a demur to the indictment where the indictment contained "obvious plain error" because it failed to state the quantity of controlled

3

substance in Count I and Count II.  He also argues throughout his pleadings that the indictment was erroneous because it charged him with "willfully and unlawfully" possessing a substance for which he had a legal prescription.

A review of the indictment reveals that it contained appropriate language to charge Knight with possession of a controlled substance with intent to distribute under the relevant criminal statute, Miss. Code Ann. 41-29-139(a)(1).  Doc. [12-1] at 30-32.  Although it is true the indictment does not identify a specific amount of controlled substance, in a case such as this, where the sentence would have been the same regardless, Mississippi law does not require that the indictment specify the quantity of controlled substance.  *See Ludwig v. State of Mississippi*, 147 So.3d 360, 362-63 (Miss.Ct.App. 2014); *Fair v. State of Mississippi*, 93 So.3d 56, 58-59 (Miss.Ct.App. 2012).  Knight was charged under Mississippi's habitual offender statute (§ 99-19-83); and, if convicted, faced a mandatory sentence of life without parole based on his habitual offender status without regard to the quantity of controlled substance.  *See Long v. State of Mississippi*, 33 So.3d 1122, 1132 (Miss. 2010) ("Section 99-19-83 mandates life without parole"); *Clay v. State of Mississippi*, 20 So.3d 743, 746 (Miss.Ct.App. 2009).  Thus, defense counsel's objection to the omission of quantity would have been futile.  Trial counsel is not required to make meritless objections.  *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

Defense counsel likewise would have had no basis for objecting to the indictment charging Knight with "willfully and unlawfully" possessing a controlled substance for which he had a legal prescription.  It is undisputed that Knight had valid prescriptions for Oxycodone and Methadone.  However, he was charged with "knowingly, willfully, unlawfully and feloniously" possessing these controlled substances "with the intent to transfer or distribute" them in violation of Mississippi law.  Whether Knight had a valid prescription is a separate issue from whether he

unlawfully sold or distributed those prescription drugs to others. Although he may have lawfully possessed the drugs, a jury found that he unlawfully distributed them. Any objection by trial counsel to the indictment's language would have been without merit. Nevertheless, defense counsel did raise this issue. He objected to jury instructions containing language that Knight "knowingly, willfully, unlawfully and feloniously" possessed Oxycodone and Methadone. Defense counsel argued that Knight's possession of the controlled substances was legal because he had a prescription. Doc. [12-8] at 107-10. The trial court overruled the objection and explained that the instruction is proper when read as a whole. *Id.* Defense counsel's performance was not deficient, because he asserted the very objection sought by Knight.

### **Failure to request witness certification of "pen pack"**

Knight next argues counsel failed to subpoena employees from MDOC to certify the "pen packs" as being true and correct. The indictment listed six prior convictions as the basis for his habitual offender status. Doc. [12-1] at 31. Specifically, the indictment listed convictions dating from 1976 to 2007 for manslaughter, armed robbery, second-degree murder, prescription forgery, and possession of a controlled substance. *Id.* The prosecution later introduced Knight's "pen packs" at the sentencing hearing, which included certified copies of his previous six convictions. Doc. [12-9] at 18-19. "Pen packs" or "penitentiary packets" are the records maintained on inmates sentenced to the custody of the Mississippi Department of Corrections; and certified copies of "pen packs" suffice as competent evidence of habitual offender status. *Jasper v. State of Mississippi*, 858 So. 2d 149, 152 (Miss. App. 2003); *Sumrell v. Mississippi*, 403 Fed.Appx. 959, 961-62 (5th Cir. 2010). When Knight's prior convictions were submitted into evidence, defense counsel stated he had "no legitimate basis" to object to their admission. Doc. [12-9] at 20. Defense counsel's decision not to object is understandable. Under

Mississippi law, these documents are considered self-authenticating, competent evidence of prior convictions.  *See* Miss. Rules of Evid. 902; *Ford v. State of Mississippi*, 139 So.3d 730, 737 (Miss.Ct.App. 2013); *Frazier v. State of Mississippi*, 907 So.2d 985, 989-92 (Miss.Ct.App. 2005).  Accordingly, trial counsel was under no obligation to call a witness to certify the "pen packs" as true and correct.  Any objection by counsel would have been futile.  Moreover, Knight does not deny the existence of these prior convictions.  Thus, Knight fails to identify any prejudice resulting from trial counsel's decision not to object.

### **Failure to investigate and call witnesses**

Knight argues that trial counsel failed to investigate or call witnesses on his behalf.  To prevail on an ineffective assistance of counsel claim based upon failure to investigate, petitioner must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.  *Trevino v. Davis*, 829 F.3d 328, 338 (5th Cir. 2016).  In his petition, Knight fails to identify what information defense counsel might have uncovered through additional investigation or how it might have altered the outcome of trial.  Knight's allegations, unsupported by specific facts, are insufficient to support an ineffective assistance of counsel claim.  *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).

Knight's contention that trial counsel should have called witnesses on his behalf likewise suffers from lack of specificity.  "Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative."  *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001).  To show prejudice, the petitioner must "demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense."  *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

Knight has failed to identify any favorable witness let alone the substance of that witness's testimony. Accordingly, he has failed to show deficient performance or prejudice on the part of counsel.

### **Failure to require State to reveal identity of confidential informant**

Knight argues that trial counsel should have filed a motion compelling the State to identify the confidential informant (CI) or should have subpoenaed the CI to testify at trial. Although it does not appear that the trial court issued a formal ruling on the issue of the CI's identity, the issue was discussed on numerous occasions during pre-trial proceedings. Prior to trial, Knight filed a *pro se* "Motion for Disclosure of Identity of Confidential Informant". Doc. [12-1] at 129-34. Defense counsel noticed the motion for a hearing. Doc. [12-2] at 46. The trial court considered the motion during pretrial motion hearings. Doc. [12-5] at 102-04.

At the initial hearing, defense counsel indicated he did not wish to present the motion for a ruling at that time because he needed additional information about details regarding the CI. *Id.* At a later motion hearing, defense counsel stated that "there had been some discussions about presenting a motion for revelation of the confidential informant in the case, but my client and I have discussed that and decided not to proceed with that at this time." *Id.* at 107. In essence, Knight abandoned the issue.

During a hearing on Knight's bond, the prosecutor indicated that Knight had discovered the identity of the CI; and a State's witness testified that Knight allegedly had threatened to kill the CI if Knight were released. Doc. [12-5] at 118-22, 140. The statements of the prosecutor and witness were hearsay. However, at a later hearing on the State's *in limine* motion, defense counsel confirmed that the "parties" knew the identity of the CI. Doc. [12-6] at 31-32. At that same hearing, the prosecutor informed the trial court that he wanted one of his officer's to testify

7

to the jury that "[t]he CI called us, advised us there was drug activity going on at this location. We went and got a search warrant." *Id.* at 25. Defense counsel objected to any witness testifying about what the CI said to the State's witnesses. *Id.* at 27. The trial judge permitted the State's witnesses to testify that they received information from a CI; and based on that information, they obtained a search warrant and conducted a search. *Id.* at 30-31. However, the trial court would not allow anyone to testify about the content of the CI's communication. *Id.*

Knight suggests that trial counsel should have called the CI as a witness, but he does not explain how this alleged failure prejudiced his case. In his motion to amend, Knight argues that he wanted the CI to testify in order to cross-examine the CI about the lies in his statements to police. At the *in limine* hearing, trial counsel successfully prevented any hearsay testimony regarding the CI's statements about drug activity, because counsel understood that the CI's testimony could be damaging to Knight's defense. After trial counsel admitted knowing the identity of the CI, the trial judge reminded defense counsel he could subpoena the CI to testify. Doc. [12-6] at 31-32. Defense counsel indicated he did not wish to call the CI to testify. *Id.* at 32. Knight apparently disagrees with defense counsel's decision. Whether to call certain witnesses is a matter of trial strategy, entitled to a strong degree of deference. *See Williams v. Collins*, 16 F.3d 626, 632 (5th Cir. 1994); *O'Brien v. Dretke*, No. 05–70006, 2005 WL 3529255, at *6 (5th Cir. Dec. 27, 2005) (rejecting ineffective assistance claim based on omitted witnesses when counsel made strategic decision not to call mental health experts who would offer testimony more harmful to the defense than helpful); *see also Wesbrook v. Thaler*, 585 F.3d 245, 251 (5th Cir. 2009) (holding that court may not find ineffective assistance merely because it disagrees with counsel's trial strategy). Counsel's decision constitutes reasonable trial strategy rather than a basis for ineffective assistance of counsel.

Knight also argues that his case is similar to *Johnson v. State of Mississippi*, 155 So.3d 733 (Miss. 2014), where the Mississippi Supreme Court held that the trial court erred when it allowed into evidence search warrant materials that contained hearsay statements from a confidential informant. The facts of *Johnson* are easily distinguishable. The trial court in *Johnson* made the unprecedented move of admitting as substantive evidence the search warrants and their accompanying affidavits. *Johnson*, 155 So.3d at 738. The search warrant materials in *Johnson* contained hearsay statements from an investigating officer who said that a confidential informant told him of prior and current criminal activity at the defendant's resident. *Id.* at 740.

In the instant case, the search warrants and affidavits were not admitted into evidence; and there were no hearsay statements introduced into evidence regarding Knight's past or present criminal activity. During the trial, the testifying officers simply stated that they obtained a search warrant for Knight's hotel room based on information from a reliable confidential informant, but they did not reveal the contents of their communications with the confidential informant. Doc. [12-7] at 131; Doc. [12-8] at 40. The trial court did not allow into evidence any statements from the CI. Rather, the trial court prohibited the State's witnesses from testifying to anything the CI said. Defense counsel successfully prevented the CI's hearsay statements from admission; therefore, his performance was not deficient.

### Referral to client as "Rodgers" in appellant brief

Knight argues that appellate counsel was ineffective because she made a mistake in her brief by twice referring to him as "Rodgers". As an initial matter, this claim is procedurally barred because it was not presented to the state's highest court for review. Accordingly, the claim was not exhausted prior to Knight filing his § 2254 petition. *See Jones v. Jones*, 163 F.3d 285, 296-98 (5th Cir. 1998). Regardless, Knight's claim is patently frivolous. While it is true

9

that appellate counsel twice mistakenly referred to Knight as "Rodgers" in the brief, the errors cited by Knight do not rise to the level of ineffective assistance of counsel. *See Millender v. United States*, 2018 WL 1555653, at *8 (M.D.Ala. Mar. 9, 2018) ("[n]on-serious and immaterial typographical errors in an appellate filing are of no consequence where there is no clear showing of prejudice."); *Rattler v. United States* , 2016 WL 5349466, at *5 n.2 (M.D.N.C. Sept. 23, 2016). Typographical errors of this kind do not hinder a court's substantive analysis of the claims. Knight fails to explain how the typographical errors caused prejudice. It is implausible to suggest that the Mississippi Court of Appeals was somehow confused about Knight's identity as the appellant. A review of the appellate court's opinion demonstrates it was fully aware that "Michael Knight" was the subject of the appeal rather than "Rodgers". *See Knight*, 188 So.3d 1235.

### (2) Sufficiency of the Evidence

Knight argues that the evidence presented at trial was not sufficient to support his conviction. The state appellate court addressed this issue and found the evidence was sufficient to support a conviction. In assessing the sufficiency of the evidence to support a state conviction, a federal habeas court must inquire, after viewing the evidence in a light most favorable to the prosecution, whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *West v. Johnson*, 92 F.3d 1385, 1393 (5th Cir. 1996). This Court is required to accept all credibility choices and conflicting inferences in favor of the jury's verdict. *See Ramirez v. Dretke*, 398 F.3d 691, 694 (5th Cir. 2005). This requirement encompasses both direct and circumstantial evidence. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990). *See also Jackson*, 443 U.S. at 324-25. Witness credibility determinations are within the province of the

jury and it "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). On habeas review, the court defers to the trier of fact in resolving conflicts requiring credibility determinations. *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002).

As explained by the state appellate court, Knight did not dispute that he possessed the drugs, but argued he did not do so with the intent to distribute. Doc. [11-1] at 4-5. Knight and his wife had valid prescriptions for Oxycodone and Methadone. Officers executed a search warrant on a hotel room occupied by Knight and his wife. The State presented evidence that hundreds of pills were missing from the couple's recently filled prescriptions. Knight also had more than a thousand dollars of cash in his pockets at the time of his arrest. Moreover, the jury was presented with Knight's confession, in which he indicated he had been selling prescription pills. Based on this evidence, a reasonable jury could find beyond a reasonable doubt that Knight possessed a controlled substance with intent to distribute. Knight fails to explain how the state appellate court's decision was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts.

### **(3) Illegal and Disproportionate Sentence**

Knight argues that the trial court imposed an illegal and disproportionate sentence. He argues that he should not have been sentenced to life in prison based on a "non-violent charge of possession of a controlled substance." He also argues that the trial court improperly relied on "pen packs" rather than live witness testimony to support his habitual offender sentence.

The Eighth Amendment prohibits sentences that are disproportionate to the crime committed. *Ewing v. California*, 538 U.S. 11 (2003). A sentence may violate the Eighth

Amendment where it is grossly disproportionate to the crime committed, but this occurs only in "'exceedingly rare' and 'extreme' cases." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). In conducting a proportionality analysis under Mississippi's habitual offender statute, the focus is not on the petitioner's crime of conviction standing alone, "but in the light of his prior offenses" as well. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992).

Pursuant to Miss. Code Ann. § 99-19-83, the trial court sentenced Knight as an habitual offender with prior convictions for crimes of violence. When imposing sentence, the trial court specifically considered whether the sentence violated the Eighth Amendment's prohibition on cruel and unusual punishment. Doc. [12-9] at 35-37. The trial judge concluded that it did not. She further indicated that she could not deviate from the life sentence required under § 99-19-83. *Id.* Generally, habeas relief is warranted only if a petitioner is able to demonstrate that the sentence imposed "exceeds or is outside the statutory limits, or is wholly unauthorized by law." *Haynes v. Butler*, 825 F.2d 921, 923–24 (5th Cir. 1987). In this case, Knight was sentenced to life as required by statute. *See* Miss. Code Ann. § 99–19–83. On at least one occasion, the Fifth Circuit examined § 99-19-83 and upheld the life sentence of an habitual offender with prior convictions for crimes of violence. *See McGruder v. Puckett*, 954 F.2d 313, 316-17 (5th Cir. 1992) (upholding petitioner's mandatory life sentence under § 99-19-83 with prior convictions for armed robbery, burglary, escape, and auto burglary); *see also Burt v. Puckett*, 933 F.2d 350, 351-53 (5th Cir. 1991) (upholding petitioner's mandatory 15-year sentence under § 99-19-81 for forged check with prior criminal history of two burglary convictions). In the instant case, Knight committed six prior offenses, which included three convictions for crimes of violence: manslaughter, armed robbery, and second-degree murder. Knight's sentence was not grossly disproportionate to the gravity of the offenses upon which his sentence was based and, therefore,

is not cruel and unusual punishment under the Eighth Amendment. *See Rummel v. Estelle*, 445 U.S. 263, 265-66 (1980) (finding that a life sentence following convictions for fraudulent use of a credit card, passing a forged check, and false pretenses was not unconstitutionally disproportionate).

Knight's argument that the trial court impermissibly relied on the "pen packs" rather than live testimony is without merit. In essence, Knight is raising a sufficiency-of-evidence claim regarding the trial court finding him to be an habitual offender for sentencing purposes. As discussed previously, Mississippi law permits the use of certified copies of prior convictions in lieu of live testimony. *See Frazier*, 139 So.3d at 737. The Mississippi Court of Appeals considered Knight's argument and noted that the State introduced certified "pen packs" into evidence. Doc. [11-1] at 5. Knight's attorney conceded he had "no legitimate basis" to object. *Id.* The trial court made findings based on the record of Knight's prior convictions. *Id.* The evidence was sufficient to support sentencing under Mississippi's habitual offender statue, Miss. Code Ann. § 99-19-83. Knight fails to explain how the state appellate court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts.

### (4) Motion to Amend

On June 20, 2019, more than two years after filing his § 2254 petition, Knight filed a motion to amend his petition. Doc. [22]. In the initial brief, he argues that the State failed to disclose a key witness, namely the CI. *Id.* at 1-2. Essentially, Knight re-hashes his argument regarding the identity of the confidential informant. This claim has been addressed already. Contrary to the assertion in Knight's motion to amend, the trial court did not admit the CI's

statement into evidence. Rather, defense counsel successfully prevented the prosecution from allowing any witness to testify to the substance of the CI's hearsay statements.

Knight also argues that he wanted to know the CI's identity so he could call the CI to testify and ask why the CI lied to police officers. As explained earlier, defense counsel indicated in open court that the parties knew the CI's identity but chose not to have the CI testify. Knight now contends he did not know the CI's identity; nevertheless, defense counsel's decision not to put the CI on the witness stand constitutes reasonable trial strategy. If called as a witness, the CI could have testified about drug activity at Knight's hotel room, which could have provided direct testimonial evidence of Knight's guilt. As demonstrated at the *in limine* hearing, defense counsel was aware of this option. Defense counsel's decision not to call the CI to testify is a defensible and reasonable trial strategy.

As part of his motion to amend, Knight included "Arguments in Support of Claim" where he asserts that Harrison County authorities had a reasonable time to bring him from Louisiana to finish his trial. Doc. [22] at 2-3. He feels his fundamental rights were violated because "[t]he State has many automobiles and officers for transporting inmates." *Id.* at 2. Knight apparently is referring to the fact that he failed to appear for the second day of trial while out on bond. The trial continued in his absence, and the trial court issued a warrant for his arrest after his ankle monitor "pinged" in Chalmette, Louisiana. Doc. [12-8] at 100-02. It is not clear precisely what point Knight is trying to make. His "Arguments" section does not state any kind of constitutional claim cognizable under § 2254. Finally, in a section captioned "Petition is Based of Facts", Knight makes various arguments regarding his bond hearing. *Id.* at 3. In this section, he does not identify any new claims related to his conviction and sentence.

Knight also asserts that defense counsel was ineffective because he failed to request that the audio tape of his confession be played in its entirety. Doc. [25] at 4. According to Knight, one of the officers said, "this is your ticket out." *Id.* Defense counsel in fact moved to suppress in its entirety Knight's statement to the police, but the motion was denied. *See* Doc. [12-6] at 147-51; Doc. [12-7] at 2-5. The trial court acknowledged that one of the officers had said, "'[t]hat's your ticket out'"; and she ruled partially in Knight's favor, finding that Knight's statement after that point was inadmissible. *Id.* at 149-50. Knight's statement prior to the "ticket" statement was deemed admissible by the trial court, because there was no evidence in the record that any promise in exchange for Knight's cooperation had been made up to that point. *Id.* at 150.

This claim was not asserted in Knight's § 2254 petition; however, he did raise it in his motion for post-conviction collateral relief filed in state court. Regardless, defense counsel's performance was not deficient. To the contrary, he filed a motion to suppress the statement. The trial court suppressed Knight's statement from the point where it appeared that the officers were offering something ("your ticket out") in exchange for Knight giving a statement. Based on the foregoing, the undersigned recommends the motion to amend should be denied.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Michael L. Knight's 28 U.S.C. § 2254 petition for writ of habeas corpus be DENIED and DISMISSED with prejudice. The undersigned further recommends that Knight's [22] Motion to Amend be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 21st day of January 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE